# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS MIRANDA-TRUJILLO,<br><br>        Petitioner,<br><br>   v.<br><br>MACK WIMBISH, et.al.,<br><br>        Respondents.<br>_____ / | CV F  06-1847 OWW DLB HC<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS<br><br>[Doc. 4] |

    Petitioner is detained by the Bureau of Immigration and Customs Enforcement ("BICE") and is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is represented by counsel.

    Petitioner filed the instant petition for writ of habeas corpus on December 20, 2006. On February 12, 2007, the Court issued an order to show cause why the petition should not be granted. On March 19, 2007, Respondent filed a motion to dismiss the petition as moot. (Court Doc. 4.) On April 20, 2007, Petitioner filed a statement of non-opposition to Respondent's Motion. (Court Doc. 7.)

## DISCUSSION

    Respondent has provided the Court with a copy of the DACS Custody Summary Inquiry showing Petitioner was released on March 13, 2007. See Exhibit A, Respondent's Motion. Petitioner's concedes such release and that the case is now moot. Accordingly, because Petitioner is no longer in custody, the case is moot. The case or controversy requirement of

Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. <u>Iron Arrow Honor Soc'y v. Heckler</u>, 464 U.S. 67, 70 104 S.Ct. 373, 374-75 (1983); <u>NAACP., Western Region v. City of Richmond</u>, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." <u>Murphy v. Hunt</u>, 455 U.S. 478, 481, 102 S.Ct. 1181, 1183 (1984). The Federal Court is "without power to decide questions that cannot affect the rights of the litigants before them" <u>North Carolina v. Rice</u>, 404 U.S. 244, 246, 92 S.Ct. 402, 406 (1971) *per curiam*, *quoting* <u>Aetna Life Ins. Co. v. Hayworth</u>, 300 U.S. 227, 240-241, 57 S.Ct. 461, 463-464 (1937).

**ORDER**

Based on the foregoing, it is HEREBY ORDERED that:

1. Respondent's motion to dismiss the petition as MOOT is GRANTED; and

2. The case is DISMISSED and judgment shall be entered.

IT IS SO ORDERED.

**Dated:   May 17, 2007**                    _____/s/ Oliver W. Wanger_____
                                              UNITED STATES DISTRICT JUDGE